LUBIN & ENOCH, P.C.
Nicholas J. Enoch
State Bar No. 016473
Jarrett J. Haskovec
State Bar No. 023926
349 North Fourth Avenue
Phoenix, Arizona 85003-1505
Telephone: (602) 234-0008
Facsimile: (602) 626-3586
E-mail: nicholas.enoch@azbar.org

Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ROBERT OROZCO; and a class of others similarly situated,<br><br>        Plaintiffs,<br><br>vs.<br><br>MARK S. and MONA BORENSTEIN, husband and wife; NEAL and SHIRLI BORENSTEIN, husband and wife; BADA BING BAKERY L.L.C., an Arizona Corporation,<br><br>        Defendants. | No.<br><br><br><br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY** |

**NOW COMES**, the Plaintiff Robert Orozco ("Orozco"), on behalf of himself and all others similarly situated, bringing this collective action pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §201, *et seq.* ("FLSA"), and, pursuant to this Court's supplemental jurisdiction set forth at 28 U.S.C. §1367, this putative class action pursuant to the Arizona Wage Act, A.R.S. §23-350, *et seq.*, and the Arizona Minimum Wage Act, A.R.S. §23-363, *et seq.*

///

1

**PARTIES**

2    1.   During the relevant time period, Orozco worked as

3   an oven operator in the bagel baking operations of Defendant

4   Bada Bing Baking L.L.C. d/b/a Chompie's Wholesale Bakery

5   ("Chompie's").   Orozco alleges that Chompie's has willfully

6   violated his right to receive the requisite federal and

7   state minimum wage for covered nonexempt employees.

8   Pursuant to 29 U.S.C. §216(b) and Rule 23, Fed.R.Civ.P.,

9   Orozco also seeks to represent all other similarly situated

10  employees who work(ed) at Chompie's who have not been

11  appropriately paid the requisite minimum wage.[1]

12   2.   Orozco requests that he be permitted to serve as

13  the representative of those who will later consent to

14  participate in this action and that this action be granted

15  collective action status pursuant to 29 U.S.C. §216(b) and

16  class action status pursuant to Rule 23, Fed.R.Civ.P.

17   3.   Orozco presently believes and alleges that the

18  class includes approximately sixty (60) separate individuals

19  who have, during the last three (3) years, worked at the

20  Chompie's bakery located at 220 South 9th Street in Phoenix,

21  Arizona.

22   4.   Upon information and belief, the class of employees

23  included within this lawsuit include, *inter alia*, all full-

24  ─────────────

25   [1]   The Second Circuit's 2011 decision in *Salim Shahriar v.*
*Smith & Wollensky Rest. Group, Inc.*, 18 Wage & Hour Cas. 2d (BNA)
26  193, 2011 U.S. App. LEXIS 19625, provides a useful illustration
of how a hybrid collective/class action like this ought to be
27  administered by the Court.

28                                    2

1   time and regular part-time bagel bakers, bagel burst
2   fillers, bagel makeups, challah makeups, maintenance, pastry
3   makeups, pastry packers, r & i bagels, rye makeups,
4   sanitation, shift packers, shippers and receivers.
5   Accordingly, joinder of all members of the class would be
6   impracticable.

7       5.   The claims asserted herein on behalf of Orozco and
8   the class present questions of law and fact common to the
9   class including, in particular, whether Chompie's has failed
10  to pay the requisite minimum wage to its employees.

11      6.   The claims of Orozco are typical of the claims of
12  the class.

13      7.   Orozco, as the representative party, will fairly
14  and adequately protect the interests of the class.

15      8.   The prosecution of separate lawsuits by individual
16  members of the class would not only be judicially
17  inefficient but it would create a risk of inconsistent or
18  varying adjudication with respect to individual members of
19  the class which would establish incompatible standards of
20  conduct for Chompie's.

21      9.   Defendants Mark S. and Mona Borenstein and Neal and
22  Shirli Borenstein (herein collectively referred to as "the
23  Borenstein Defendants") are now, and at all times relevant
24  hereto have been, husbands and wives, constituting two
25  separate marital communities under the laws of the State of
26  Arizona.  The acts engaged in, and the omissions made by,
27
28

the Borenstein Defendants were performed as agents, and for the benefit, of their respective marital communities.

10. Upon information and belief, the Borenstein Defendants are residents of Maricopa County, Arizona, and have been for all times relevant to this proceeding.

11. As set forth in attached Exhibit A, the Borenstein Defendants are the principal officers and directors of Chompie's. In particular, Mark and Neal Borenstein identify themselves as the "Management of the Company" and all four (4) of the Borenstein Defendants are listed by name on the cover of the Chompie's employee manual as the putative leaders of the Chompie's "TEAM". A copy of that document is attached hereto as Exhibit B.

12. In these roles, the Borenstein Defendants retain complete control over and responsibility for the operations of Chompie's including, *inter alia*, hiring and firing employees, supervising and controlling employee work schedules and conditions of employment, determining the rate and method of payment, and maintaining any employment records that may exist.

13. The Borenstein Defendants are an "employer" as defined in 29 U.S.C. §203(d) and A.R.S. §§23-350(3) and 362(B).

14. Chompie's is an Arizona corporation with its main bakery in Phoenix and it is authorized to do business in and is doing business in the State of Arizona.

4

15.   Chompie's is engaged in commerce or in the
production of goods for commerce and/or handle, sell, or
otherwise work on goods or materials that have been moved in
or produced for commerce, and the enterprise's annual gross
volume of sales or business done is not less than $500,000.

16.   Chompie's is an "employer" as defined in 29 U.S.C.
§203(d) and A.R.S. §§23-350(3) and 362(B).

17.   Upon information and belief, Chompie's was not
only influenced and governed by the Borenstein Defendants,
but there is such a unity of interest and ownership that the
individuality, or separateness, of Chompie's and the
Borenstein Defendants had ceased to exist.

18.   Upon information and belief, the facts are such
that an adherence to the fiction of the separate existence
of Chompie's and the Borenstein Defendants would, under
these particular circumstances, sanction a fraud or promote
injustice.

## JURISDICTION AND VENUE

19.   As to the First Claim for Relief, *infra*,
jurisdiction is proper pursuant to 28 U.S.C. §§1331 and
1337.   In addition, this Court has jurisdiction over
Orozco's FLSA claims pursuant to 29 U.S.C. §216(b).

20.   The state law-based claims set forth in the Second
and Third Claims for Relief are properly within this Court's
supplemental jurisdiction pursuant to 28 U.S.C. §1367.[2]

---

[2]   *See generally Salim Shahriar*, 2011 U.S. App. LEXIS 19625
at *32 (citing legal authority from "our sister circuits in the
Seventh, Ninth, and District of Columbia Circuits," the Court

21.   Venue is proper in this District pursuant to 28 U.S.C. §1391(b).

**GENERAL ALLEGATIONS**

22.   As set forth in ¶4, *supra*, Orozco and members of the proposed class are (or were) employed at the Chompie's bakery.

23.   For their work at Chompie's, Orozco and members of the proposed class are (or were) paid at, or slightly above, the requisite minimum wage.  To illustrate the point, attached hereto as Exhibit C is a copy of Orozco's paystub dated September 9, 2011.

24.   The legal problem arises from the fact that the Defendants have promulgated and enforced a policy and practice of deducting certain work-related items from the employees' pay checks and/or otherwise requiring them to reimburse Chompie's for the purported expense associated with said items.

25.   By way of example, and as can be quickly gleaned from attached Exhibit C, Chompie's requires Orozco, as well as the other members of the proposed class, to pay them roughly twelve-dollars and fifty cents ($12.50) per pay check for their "shirts".

26.   The Defendants also require Orozco, as well as the other members of the proposed class, to occasionally pay

"determined that supplemental jurisdiction is appropriate over state labor law class claims in an action where the court has federal question jurisdiction over FLSA claims in a collective action.")

them ten dollars ($10.00) for their electronic key, five dollars ($5.00) for their time card and twenty-four dollars ($24.00) for their health card.

27.   The legal problem is, however, that once these payments are made to Chompie's, Orozco and members of the proposed class are making less than minimum wage.  To illustrate the point, the illegality of this arrangement becomes obvious when one calculates the hourly rate set forth in attached Exhibit C, *to wit*, seven dollars and thirty-five cents per hour ($7.35/hr.) and then deducts from that sum the twelve-dollars and fifty cents ($12.50) associated with their "shirts".

28.   Under a long line of established legal authority, "it is unlawful for an employer to deduct the cost of a uniform or its maintenance from an employee's wages when the deduction reduces the wages of that employee below the minimum."  The Fair Labor Standards Act §9.VI.F at 9-57 to 9-61 (Ellen C. Kearns ed., 2010).

29.   In addition to the legal problems set forth in ¶¶ 24-28, *supra*, the Defendants' policy of demanding and collecting payments from its employees as a term and condition of their employment also violates, *inter alia*, A.R.S. §§23-202 and 203.

30.   Upon information and belief, Defendants' system of recording hours worked does not record all the time that Orozco and members of the proposed class spend on their compensable activities.

**FIRST CLAIM FOR RELIEF**
**Violation of FLSA Minimum Wage Standard**

31.   Defendants have willfully failed to pay wages due the Orozco and members of the proposed class in violation of the federal minimum wage law, 29 U.S.C. §206(a).  As such, Orozco and members of the proposed class are entitled to recover all unpaid wages and liquidated damages pursuant to 29 U.S.C. §216(b).

**SECOND CLAIM FOR RELIEF**
**Violation of Arizona Minimum Wage Act**

32.   Defendants have willfully failed to pay wages at the rate of the Arizona Minimum Wage, in violation of the Arizona Minimum Wage Act, codified at A.R.S. §23-363(A). Orozco and members of the proposed class are entitled to recover the balance of the wages owed, including interest thereon, and an additional amount equal to twice the underpaid wages pursuant to A.R.S. §23-364(G).

**THIRD CLAIM FOR RELIEF**
**Violation of Arizona Wage Law**

33.   Defendants have willfully failed to pay wages to Orozco and members of the proposed class for labor performed as required pursuant to A.R.S. §23-351[c].

34.   Orozco and members of the proposed class entitled to recover treble the amount of wages unpaid under Arizona law pursuant to A.R.S. §23-355(A).

35.   As this Court has concluded previously, the treble damages provision set forth in A.R.S. §23-355(A) may be applied to treble a liquidated damages award received under

the FLSA pursuant to this Court's supplemental jurisdiction. *Davis v. Jobs for Progress*, 427 F.Supp. 479, 483 (D. Ariz. 1976).

### PRAYER

**WHEREFORE**, Orozco prays that the case be certified as a collective and class action and that he and each member of the class recover from Defendants the following:

1.   An award of unpaid minimum wages in an amount appropriate to the proof adduced at trial;

2.   An award of liquidated damages regarding #1, *supra*, in an amount appropriate to the proof adduced at trial pursuant to 29 U.S.C. §§206 and 216(b);

3.   An award of an additional amount equal to twice the amount set forth in #1, *supra*, pursuant to A.R.S. §23-364(G);

4.   An award of treble the sum of unpaid wages, and liquidated damages set forth in ##2 and/or 3, *supra*, pursuant to A.R.S. §23-355(A);

5.   Pre-judgment and post judgment interest on unpaid back wages pursuant to the FLSA[3] and/or A.R.S. §23-364(G);

6.   Attorneys' fees pursuant to 29 U.S.C. §216(b) and A.R.S. §23-364(G);

---

[3]  *See, e.g., Ford v. Alfaro*, 785 F.2d 835, 842 (9th Cir. 1986).

7. Court costs and costs of litigation pursuant to 29 U.S.C. §216(b), A.R.S. §§12-341 and 23-364(G);

8. In the event Defendants fail to satisfy any judgment for Plaintiffs with respect to the Arizona wage claims, an award that Defendants shall pay Plaintiffs an amount which is treble the amount of the outstanding judgment with interest thereon at the then legal rate in accordance with A.R.S. §23-360; and

9. Such other and further equitable relief as the Court deems just.

RESPECTFULLY SUBMITTED this 22nd day of November, 2011.

LUBIN & ENOCH, P.C.


s/ Nicholas J. Enoch
Nicholas J. Enoch, Esq.
Attorney for Plaintiffs

1

**JURY DEMAND**

2      Orozco further demands a trial by jury on all issues in

3 this matter.

4      RESPECTFULLY SUBMITTED this 22nd day of November, 2011.

5                          LUBIN & ENOCH, P.C.

6

7                          s/ Nicholas J. Enoch
                          Nicholas J. Enoch, Esq.
8                          Attorney for Plaintiffs

9

10

11

12

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 22nd day of November, 2011,
13 I electronically transmitted the attached Complaint to the
U.S. District Court Clerk's office using the CM/ECF System
14 for filing.

15

16 s/Danette Valencia

17 F:\Law Offices\client directory\UPCN99\013\Pleadings\2011 11 22 UPCNL99-013.complaint.pld.wpd

18

19

20

21

22

23

24

25

26

27

28