LUBIN & ENOCH, P.C.
Nicholas J. Enoch
State Bar No. 016473
Jarrett J. Haskovec
State Bar No. 023926
349 North Fourth Avenue
Phoenix, Arizona 85003-1505
Telephone: (602) 234-0008
Facsimile: (602) 626-3586
Email: nicholas.enoch@azbar.org

Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ROBERT OROZCO; and a class of others similarly situated,<br><br>          Plaintiffs,<br><br>vs.<br><br>MARK S. BORENSTEIN, *et al.*,<br><br>          Defendants. | No. CV-11-2305-PHX-FJM<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANTS' TENDER OF FULL PAYMENT AND MOTION TO DISMISS WITH PREJUDICE**<br><br>(Assigned to the Honorable Frederick J. Martone) |

Plaintiff Robert Orozco ("Plaintiff" or "Orozco"), by and through undersigned counsel, hereby responds to the filing styled as Defendants' Tender of Full Payment and Motion to Dismiss With Prejudice Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3). This response is based on the following memorandum and all other documents of record, and is further supported by the Declaration of Robert Orozco submitted concurrently herewith and incorporated herein by this reference. The Motion to Dismiss was filed by Defendants Mark S. and Mona Borenstein, Neal and Shirli Borenstein, and Bada Bing Baking L.L.C. d/b/a Chompie's Wholesale Bakery ("Chompie's") (collectively referred to as "Defendants"), on March 15, 2012.

As the following responsive memorandum demonstrates, the payments made by Defendants in the instant matter do not fully resolve the parties' dispute. Among other things, disputes remain as to whether Plaintiff and other employees are owed back pay

1  and damages for a third year due to willful violations and as to whether Plaintiff and

2  others were fully compensated for all inappropriately-taken deductions, including those

3  not involving uniforms.  Furthermore, the matters raised in the jurisdictional challenge are

4  inextricably intertwined with the merits of the case, and discovery must be permitted into

5  the matters raised.  Thus, the case is not subject to dismissal for mootness, and the Court

6  continues to possess subject matter jurisdiction here.

7  **I.    INTRODUCTION**

8        Orozco worked in the bagel baking operations of Defendant Chompie's.  (Compl.,

9  ¶ 1).  Orozco filed suit against Defendants on November 22, 2011, claiming that

10  Defendants have willfully violated the rights of Orozco and other employees to receive

11  the requisite federal and state minimum wage for covered nonexempt employees.  (*Id.*, ¶¶

12  1, 22-35).  Because Plaintiff has alleged that the violations at issue were willful, Plaintiff

13  seeks damages for the three years prior to filing of the Complaint rather than merely

14  seeking damages during the default two-year statute of limitations.  (Compl., ¶¶ 1, 3, 31-

15  33).  *See* 29 U.S.C. § 255(a); *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 135

16  (1988).  Plaintiff filed the suit as both a collective action and as a putative class action on

17  behalf of similarly-situated employees of Defendants.  (Compl., ¶¶ 1-8, 22-35).

18        The Complaint alleges that Defendants have a policy and practice of deducting

19  certain work-related items from the employees' pay checks and/or otherwise requiring

20  them to reimburse Chompie's for certain purported expenses.  (*Id.*, ¶¶ 1-8, 22-35).  These

21  deductions include deductions for shirts (or uniforms), electronic keys, and health cards.

22  (Compl., ¶¶ 22-30; *see also* Exhibit C to the Complaint).  Plaintiff maintains that, since

23  such deductions have the result of reducing Orozco's and the other employees' pay below

24  the mandated minimum wage, Defendants' pay practices violate 29 U.S.C. §206(a),

25  A.R.S. §23-350, *et seq.*, and A.R.S. §23-363, *et seq.*, *inter alia*.  (Compl., ¶¶ 22-35).

26        Beyond exchanging initial disclosures, discovery has not yet commenced in this

27  matter.  (*See* Joint Case Management Report, § 10, Doc. No. 21).

28                                          2

## II.    LEGAL STANDARD

Under Rule 12(b)(1), Fed.R.Civ.P., a defendant may seek dismissal of an action for lack of subject matter jurisdiction.  A court, however, may not determine jurisdiction on a 12(b)(1) motion to dismiss where "the jurisdictional issue is inextricable from the merits of the case."  *Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009).  Where such a jurisdictional issue is so "intertwined" with the merits that the two cannot be separated, "the district court should employ the standard applicable to a motion for summary judgment," *Autery v. United States*, 424 F.3d 944, 956 (9th Cir. 2005), and a resolution of the jurisdictional issues may be deferred until the time of trial, *Valentin v. Hospital Bella Vista*, 254 F.3d 358, 364 n.3 (1st Cir. 2001).

"When a defendant moves to dismiss for lack of [subject matter] jurisdiction, either party should be allowed discovery on the factual issues raised by that motion." *Sizova v. Nat. Institute of Standards & Technology*, 282 F.3d 1320, 1326 (10th Cir. 2002). It is particularly appropriate to permit jurisdictional discovery where the discovery seeks information peculiarly within the knowledge of the other party.  *See Gualandi v. Adams*, 385 F.3d 236, 244 (2d Cir. 2004) ("[C]ourts generally require that plaintiffs be given an opportunity to conduct discovery on these jurisdictional facts, at least where the facts, for which discovery is sought, are peculiarly within the knowledge of the opposing party.").

## III.    ARGUMENT

### A.    <u>Plaintiff Objects to the Relevance of the Alleged Nature of and Reason for Plaintiff's Separation from Employment With Defendants and Any Discussion of Alleged Union Involvement.</u>

The Declaration of Shirli Borenstein, offered in support of Defendants' Motion to Dismiss, contains a great deal of irrelevant, extraneous materials that would ultimately be inadmissible as evidence under the Federal Rules of Evidence.  Among other things, the Declaration repeatedly suggests that Plaintiff was terminated from the Bakery multiple times for missing work and failing to call in (¶¶ 2-4).  In addition, much of the Declaration focuses on the efforts of the United Food and Commercial Workers Union

Local 99 ("UFCW") to organize the employees at Chompie's and on alleged union involvement in this matter (¶¶ 5-8, 12, 15-19, 23). None of these matters have any bearing on whether this case is now moot because of an asserted tender of full payment or on whether Defendants violated applicable wage and hour laws. Accordingly, Plaintiff objects to the inclusion of such irrelevant matters.

<ol>
<li value="1">
Whether Plaintiff Was Separated From His Employment With Defendants Due to Termination for Alleged Misconduct Is Wholly Irrelevant, and Defendants' Characterization Is Factually Inaccurate in Any Event.
</li>
</ol>

Pursuant to Rules 401 and 402, Fed.R.Evid., Plaintiff objects to Defendants' assertion that Plaintiff was repeatedly terminated from Defendants' employment for missing work (Declaration of Shirli Borenstein, ¶¶ 2-4). Such a matter is completely irrelevant and immaterial to a resolution of this motion or the claims asserted by Plaintiff. Although Plaintiff agrees that the fact of employment and the dates of employment (or hours of work performed) are relevant matters in wage and hour actions, whether Plaintiff was fired for some alleged misconduct here is not at all germane to the issue of whether Defendants have paid Plaintiff all that he sought, thereby purportedly mooting this matter.

Furthermore, as a factual matter, Plaintiff disputes Defendants' assertion in this regard and the characterization of his separation. Plaintiff Orozco was employed by Defendants for three separate periods of time between approximately November 2009 and September 2011. (Declaration of Robert Orozco, ¶ 2). Over this period, he quit his job with Defendants three (3) times for various lengths of time in order to accept better-paying employment elsewhere. (*Id.*). He was never fired by Defendants, and was always rehired when he reapplied to work at the bakery after his employment elsewhere came to an end, as when the place where he was working suddenly closed. (*Id.*).

<ol start="2">
<li>
Defendants' Extensive Discussion Concerning the UFCW's Alleged Involvement in this Lawsuit Is Entirely Irrelevant to the Merits of the Motion to Dismiss for Mootness and to the Underlying Merits of the Case.
</li>
</ol>

In the Motion (pp. 2-5) and the Declaration of Shirli Borenstein (¶¶ 5-8, 12, 15-19, 23), Defendants spend a great deal of time discussing the alleged involvement of the UFCW in the instant lawsuit in what amounts to a largely vitriolic, *ad hominem* attack against Plaintiff, Plaintiff's lead counsel, and the UFCW.  Apparently lacking a defense to the claims alleged in the Complaint, Defendants seek to inject extraneous matters into this case seemingly in an effort to achieve some perceived advantage.

The nature and extent of any involvement by the UFCW in this case are, however, manifestly wholly irrelevant to the underlying merits of the case – *i.e.*, whether Defendants failed to pay Plaintiff and others the required minimum wage – and to the merits of the instant Motion to Dismiss for mootness.  *See UFCW Local 1564 v. Albertson's, Inc.*, 207 F.3d 1193, 1202 (10th Cir. 2000) (noting that "the FLSA does not bar the union from providing organizational and even financial support to the legal efforts of its member employees" to sue individually or collectively for damages).[1]  Because such vituperation about alleged union involvement is not pertinent and only serves to distract from and obscure the real issue here (mootness *vel non*), Plaintiff objects to the

---

[1]  In *Shores v. Publix Super Mkts.*, 1996 U.S. Dist. LEXIS 22396, at *5-6 (M.D. Fla. Nov. 25, 1996), the Florida district court addressed a strikingly similar issue as follows:

> [W]ith regard to union involvement in this suit, Publix has repeatedly asserted that the UFCW is responsible for bringing this action and that the UFCW controls Plaintiffs' lawyers. . . . This Court has repeatedly informed the parties that it considers the UFCW irrelevant to this action. . . . This case will rise and fall on the merits of Publix's conduct regardless of who was responsible for initiation [of] this law suit.  Thus, absent allegations that the UFCW manufactured evidence, the extent of UFCW involvement in formulating or funding this case, if any, is wholly irrelevant to the resolution of the issue on the merits.

*Id.*, *vacated by* 1997 U.S. Dist. LEXIS 16778, at *5 (M.D. Fla. Jan. 27, 1997) (vacated in connection with new restrictions imposed on defendant's communications for purposes of executing a settlement agreement).

relevance of such matters and submits that a response to the extensive discussion on this topic is neither warranted nor appropriate at this time.

### B. This Case Is Not Moot, and Plaintiff Should Be Allowed Discovery on the Factual Issues Raised by the Motion.

In their Motion to Dismiss, Defendants claim the issue as to whether they violated the FLSA or not is now moot because they have reimbursed all current and former "minimum wage" employees of Defendants for uniform laundering charges, along with a liquidated amount for the previous two (2) years. (Motion, pp. 3, 5). Notwithstanding Defendants' suggestion in this regard, a dispute between the parties continues to exist with respect to whether Defendants are liable for a third year due to willful violations, as Plaintiff alleges in the Complaint (¶¶ 1, 3, 31-33, *inter alia*) and as to amounts owed to Plaintiff and others similarly situated for improper deductions, including those unrelated to uniforms. Because these matters go directly to the merits of the underlying case, such issues are "inextricable from the merits of the case," and discovery must be permitted on these matters. Thus, the present Motion to Dismiss under Rule 12(b)(1) must be denied.

While not strictly an element of an FLSA claim or an Arizona minimum wage claim, the presence of a willful violation on the employer's part may extend the statute of limitations from two to three years. *See* 29 U.S.C. § 255(a); A.R.S. § 23-364(H). Willfulness may be found where "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co*., 486 U.S. 128, 135 (1988). For a three-year statute of limitations period to apply under 29 U.S.C. § 255, "an employer need not knowingly have violated the FLSA; rather, the three-year term also applies where an employer disregarded the very 'possibility' that it was violating the statute." *See Alvarez v. IBP, Inc*., 339 F.3d 894, 908-09 (9th Cir. 2003).

In the Complaint, Plaintiff has alleged that Defendants willfully violated federal and Arizona statutes mandating that employees receive a minimum wage, including 29 U.S.C. §206(a) and A.R.S. §23-363(A), and accordingly seeks damages over a three-year

period.  (Complaint, ¶¶ 1, 3, 31-33, *inter alia*).  However, Defendants do not contend that Defendants have paid the named Plaintiff and the entire class alleged in the Complaint what they have asserted they are owed over this three-year window; rather, Defendants merely assert that they have paid back pay and liquidated damages for the previous two years to reimburse "uniform rental fee[s]" deducted from employees' checks.  (*See* Declaration of Shirli Borenstein, ¶ 21; *see also* Declaration of Robert Orozco, ¶ 3).[2] Accordingly, it is apparent that Defendants have not tendered a full payment for all damages sought by Plaintiff in the Complaint and that this case is not moot.  Moreover, common sense and experience suggest that evidence tending to show willfulness, which involves Defendants' mental state and awareness of issues, is often peculiarly within the possession of the defendant employer.  Plaintiff should therefore be allowed to conduct discovery regarding this issue.

With respect to deductions for which back pay and liquidated damages were paid to Plaintiff and other employees of Defendants, Defendants contend that by paying for uniform-related fees deducted from the checks of "minimum wage employees," Defendants have paid Plaintiff and others all that they sought.  (*See* Motion, p. 7).  In response, Plaintiff first notes that the records and information necessary to determine whether employees were fully compensated for inappropriate deductions are largely uniquely within Defendants' custody and possession.  After all, federal and state laws require *employers* to maintain a wide range of records pertaining to payroll and hours worked.  *See, e.g.*, 29 U.S.C. §211; 29 C.F.R. Part 516; A.R.S. §23-364(D).  By moving to dismiss the case before any discovery has occurred, Defendants ask this Court and Plaintiff to accept that Defendants have paid everything owed based on their say-so and

---

[2]  It is noteworthy that, in their portion of the "Factual and Legal Issues in Dispute" section of the Joint Case Management Report, Defendants themselves identified "[w]hether the applicable statute of limitations on the FLSA claim is two or three years" as an issue in dispute (§ 3(B), Doc. No. 21).

1   without affording an opportunity to confirm independently that all employees were

2   actually properly compensated for all improper deductions.

3          Second, and relatedly, although Defendants refer to an undefined set of employees

4   as "minimum wage employees" whom Defendants paid, presumably referring to all those

5   employees whose stated wage was at the then-applicable minimum-wage level, it is

6   nevertheless clear that even those employees receiving a slightly higher stated wage may

7   have found their pay reduced to minimum wage or below as a result of deductions taken

8   by Defendants.  Discovery must be conducted to ascertain whether and to what extent this

9   may be the case.

10         Third, in their moving and supporting papers, Defendants assert that they have

11  paid only for uniform-related deductions and further maintain that no other pertinent

12  deductions exist.  (*See* Motion, p. 5 n. 6; Declaration of Shirli Borenstein, ¶¶ 21, 25).

13  Contrary to Defendants' suggestion, Defendants have taken other (*i.e.*, non-uniform-

14  related) deductions from Plaintiff and other employees, for which Plaintiff seeks back pay

15  and liquidated damages, among other things.

16         Defendants have deducted other amounts from the wages paid to Plaintiff and

17  other similarly-situated employees of Defendants.  (Declaration of Robert Orozco, ¶ 4).

18  For example, Defendants charged Plaintiff and other employees $10.00 for an electronic

19  key when Plaintiff started working for Defendants and indicated that employees would be

20  charged an additional $10.00 each for a new key in the event the key was lost or missing.

21  (*Id*.).  Defendants further charged Plaintiff and other employees $5.00 for a time card

22  when an employee starting working there and thereafter whenever the time card was lost

23  or missing.  (*Id*., ¶ 5).  A representative from Chompie's human resources department

24  informed him and others about the initial deductions for electronic keys and time cards in

25  the above amounts and how they would be charged in the event such keys or cards were

26  lost or misplaced.  (*Id*., ¶ 6).  Finally, at some point during Plaintiff's employment with

27  Defendants, Defendants began requiring him and others to pay $24.00 – a fee Defendants

28

1  formerly covered – to receive a health card from Maricopa County as a term and

2  condition of employment. (*Id.*, ¶ 7). There is no suggestion that Defendants have

3  compensated Plaintiff and other employees for such deductions and/or charges.

4  Therefore, Defendants have not tendered payment for all amounts sought in this matter,

5  and this case is not moot. Thus, Defendants' Motion to Dismiss should be denied.

6  **C.  Plaintiff Is Not Precluded From Receiving Attorneys' Fees Here.**

7  Plaintiff seeks attorneys' fees, costs, and interest in this matter pursuant to 29

8  U.S.C. §216(b) and A.R.S. §23-364(G), *inter alia*, as requested in the Complaint. In their

9  Motion to Dismiss, Defendants assert that Plaintiff is not entitled to attorneys' fees here

10  because of the alleged tender of full payment and the resulting mootness of this matter,

11  relying on *Dionne v. Floormasters Enterprises, Inc.*, 667 F.3d 1199, 2012 U.S. App.

12  LEXIS 800 (11th Cir. 2012). (*See* Motion, p.7). However, as Plaintiff has demonstrated

13  above, Defendants did not pay the full amounts sought by Plaintiffs and others similarly

14  situated. In addition, Defendants' reliance on *Dionne* is otherwise misplaced.

15  In *Dionne*, the Eleventh Circuit addressed a situation in which the employer

16  defendants tendered to the plaintiff, a former employee, payments for all overtime wages,

17  liquidated damages, and interest sought in that FLSA action. *Id.*, 667 F.3d 1199, 2012

18  U.S. App. LEXIS at *1-5. Following the second tender of payment, the plaintiff agreed

19  that the defendants had indeed "tendered full payment to Plaintiff" and that "the issue of

20  overtime is now moot and the claim for overtime should be dismissed." *Id.*, at *5. The

21  plaintiff asserted that the only remaining issues to be addressed dealt with an award of

22  attorneys' fees and costs. *Id.* With respect to fees, the Eleventh Circuit ultimately denied

23  the plaintiff his fees, concluding that "[t]he FLSA plainly requires that the plaintiff

24  receive a judgment in his favor to be entitled to attorney's fees and costs." *Id.* at *15.

25  Although Plaintiff respectfully disagrees with the Eleventh Circuit's holding

26  requiring that a plaintiff receive a judgment as a necessary prerequisite to an award of

27  fees and costs under the FLSA, believing the Court's holding to be inconsistent with the

28

language and spirit of the FLSA and the policy it was enacted to promote, this issue is largely an academic one for present purposes since the case is not moot. Here, Defendants have not tendered a full payment covering the three-year period at issue, all deductions concerned and the concomitant liquidated damages owed, or interest. Accordingly, this is emphatically not a case in which the plaintiff concedes that his claim should be dismissed as moot. *Cf. Dionne*, 667 F.3d 1199, 2012 U.S. App. LEXIS at *17, n.5 (describing the "very narrow question" addressed by the Court as concerning "an employee who conceded that his claim should be dismissed before trial as moot, when the full amount of back pay was tendered . . .").

Moreover, unlike the "potentially meritless lawsuit" in *Dionne*, *id*. at *17, Defendants admit in their moving and supporting papers that they deducted uniform-related fees from "minimum wage" employees (*see* Motion, pp. 6-7; Declaration of Shirli Borenstein, ¶ 21, and attached exhibits), thereby necessarily reducing their wages below the minimum wage and violating applicable minimum wage laws. *See generally* The Fair Labor Standards Act §9.VI.F at 9-57 to 9-61 (Ellen C. Kearns ed., 2010) ("[I]t is unlawful for an employer to deduct the cost of a uniform or its maintenance from an employee's wages when the deduction reduces the wages of that employee below the minimum."). Thus, Plaintiff is not precluded from receiving attorneys' fees and costs in this matter.

## IV.    CONCLUSION

This case is not moot. As the foregoing demonstrates, disputes exist as to the applicable statute of limitations and as to the nature and extent of damages flowing from improperly-taken deductions. The Motion to Dismiss should therefore be denied.

RESPECTFULLY SUBMITTED this 17th day of April, 2012.

LUBIN & ENOCH, P.C.


/s/ Jarrett J. Haskovec
Nicholas J. Enoch, Esq.
Jarrett J. Haskovec, Esq.
Attorneys for Plaintiffs

1

**CERTIFICATE OF SERVICE**

2

I hereby certify that on this 17th day of April, 2012, I electronically transmitted the attached Response to the U.S. District Court Clerk's office using the CM/ECF System for filing.

3

4

I further certify that, on this same date, I caused a courtesy copy of the attached to be hand-delivered to the following recipient:

5

The Honorable Frederick J. Martone
U.S. District Court for the District of Arizona
401 W. Washington Street
Phoenix, Arizona 85003

6

7

8

/s/ Tiffany Mitchell

9

F:\Tiffany\Champlex response to motion to dismiss (final).wpd

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28