**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Orozco,            ) | No. CV-11-2305-PHX-FJM |
|                           ) | |
| Plaintiff,     ) | **ORDER** |
|                           ) | |
| vs.                       ) | |
|                           ) | |
| Mark S. Borenstein, et al., ) | |
|                           ) | |
| Defendants.    ) | |
|                           ) | |

Before the court is defendants' motion to dismiss for lack of subject matter jurisdiction (doc. 22), plaintiff's response (doc. 29), defendants' reply (doc. 42); and plaintiff's motion to strike declarations (doc. 51), defendants' response (doc. 57) and plaintiff's reply (doc. 60). We also have before us plaintiff's motion for leave to file second declaration (doc. 53), defendants' response (doc. 58), plaintiff's reply (doc. 59); plaintiff's motion to certify question of state law to the Arizona Supreme Court (doc. 54), defendants' response (doc. 63), plaintiff's reply (doc. 64); and plaintiff's motion to conditionally certify collective action (doc. 35), defendants' response (doc. 48), and plaintiff's reply (doc. 55).

**I. Background**

Plaintiff brings this putative class action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, the Arizona Wage Act, A.R.S. § 23-350, *et seq.*, and the Arizona Minimum Wage Act, A.R.S. § 23-363, *et seq.* Plaintiff worked as an oven operator

1  in the bagel baking operations of defendant Bada Bing Baking, LLC, doing business as
2  Chompie's Wholesale Bakery (defendants collectively referred to as the "Bakery"). Plaintiff
3  contends that the Bakery violated the FLSA, as well as Arizona's wage statutes, by failing
4  to pay plaintiff and other similarly situated employees the required federal and state
5  minimum wages for covered nonexempt employees. Plaintiff contends that, although the
6  employees are paid slightly more than the minimum wage required by federal and state law,
7  29 U.S.C. § 206(a), A.R.S. § 23-363(A), the Bakery has implemented a policy of deducting
8  certain work-related expenses from the employee's paychecks, leaving their net pay below
9  minimum wage. Specifically, plaintiff alleges that the Bakery deducts $12.50 per paycheck
10 for uniform laundering, $10.00 for initial and lost electronic keys, $5.00 for initial and lost
11 time cards, and $24.00 for "food handlers" health cards from Maricopa County.
12     After this lawsuit was filed, the Bakery reimbursed 51 current and former "minimum
13 wage" employees for the uniform-related fees incurred in the 2 years preceding the filing of
14 this lawsuit, along with liquidated damages as prescribed by 29 U.S.C. § 216(b). The Bakery
15 contends that because it has tendered full payment for all claimed violations, there is no
16 remaining live case or controversy, rendering this case moot.

## II.  Motion for Leave to File Second Declaration

18     Plaintiff first moves for leave to file a second declaration of Nicholas J. Enoch in
19 support of his motion to conditionally certify a collective action. The Bakery opposes the
20 second declaration because it contains legal arguments that should have been presented in
21 a brief, and not a declaration. We agree with the Bakery that plaintiff's second Enoch
22 declaration is replete with legal argument and analysis, not properly included in a declaration.
23 Plaintiff's motion for leave to file a second declaration is denied (doc. 53).

## III.  Motion to Strike

25     Plaintiff moves to strike four declarations (docs. 39, 40, 41, and 43) filed by the
26 Bakery in connection with its reply in support of its motion to dismiss. Plaintiff contends
27 that the declarations are improper because they contain new facts and arguments. We
28 disagree. The Bakery's declarations were filed in response to allegations contained in

1  plaintiff's response to the motion to dismiss. In his response, plaintiff challenges the reason
2  for his termination from the Bakery, and contends that notwithstanding the tender of payment
3  for laundering expenses, plaintiff is also owed reimbursement for improper deductions for
4  time, key, and health cards. The Bakery's declarations directly address these arguments. It
5  is axiomatic that a party is entitled to present evidence in a reply brief to rebut arguments
6  raised in the opposing party's response brief. Plaintiff's motion to strike is denied (doc. 51).

### IV. Motion to Dismiss

8  The Bakery contends that because it reimbursed plaintiff and 51 current and former
9  "minimum wage" employees for the uniform laundering fees deducted from paychecks in the
10 2 years preceding the filing of this lawsuit, along with an additional equal amount as
11 liquidated damages available under 29 U.S.C. § 216(b), in full satisfaction of all claimed
12 violations, there is no remaining live case or controversy, rendering this case moot.

13 Article III of the United States Constitution limits the jurisdiction of federal courts to
14 "actual 'Cases' and 'Controversies.'" U.S. Const. art. III, § 2. When the issues presented in
15 a case are no longer live or the parties lack a legally cognizable interest in the outcome, the
16 case becomes moot and the court no longer has subject matter jurisdiction. When a Rule
17 12(b)(1), Fed. R. Civ. P., attack is factual, we may look beyond the complaint to affidavits
18 and other evidence properly before the court without having to convert the motion into one
19 for summary judgment, and we need not presume the truthfulness of plaintiff's allegations.
20 White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). It is then incumbent upon the party
21 opposing the motion to present affidavits or other evidence in order to satisfy its burden of
22 establishing that the court has subject matter jurisdiction. St. Clair v. City of Chico, 880 F.2d
23 199, 201 (9th Cir. 1989).

24 "Where the jurisdictional issue is separable from the merits of the case, the judge may
25 consider the evidence presented with respect to the jurisdictional issue and rule on that issue,
26 resolving factual disputes if necessary." Thornhill Publ'g Co. v. General Tel. & Elecs. Corp.,
27 594 F.2d 730, 733 (9th Cir. 1979). Here, the Bakery's factual attack on whether plaintiff has
28 been made whole by the Bakery's tender does not implicate the merits of plaintiff's FLSA

- 3 -

1 claim. The factual issue is a question of damages not liability. The existence of plaintiff's
2 FLSA cause of action is not dependent on the amount of plaintiff's potential recovery.
3 Therefore, because the factual attack on subject matter jurisdiction is not intertwined with
4 the merits of plaintiff's cause of action, we may proceed under Rule 12(b)(1) to resolve the
5 jurisdictional issues of fact.

6 Courts are hesitant to permit a defendant to render a putative class action moot by
7 making an offer of judgment to the named plaintiff only, whether before or after a motion
8 to certify the class is filed. See, e.g., Deposit Guar. Nat'l Bank v. Roper, 445 U.S. 326, 339,
9 100 S. Ct. 1166, 1174 (1980); cf. Symczyk v. Genesis Healthcare Corp., 656 F.3d 189 (3d
10 Cir. 2011), cert. granted, 2012 WL 609478 (June 25, 2012) (holding that an FLSA action
11 filed by a single plaintiff does not become moot when the defendants made a Rule 68 offer
12 of judgment that satisfied only the named plaintiff's claims). But here, because the tender
13 was made not only to the named plaintiff, but also members of the putative class, those
14 concerns are not present. The Bakery has submitted sworn testimony and documentation that
15 it in good faith attempted to identify all employees who might have been entitled to
16 reimbursement, and has paid all minimum wage current and former Bakery employees
17 double the amount previously deducted for laundering uniforms over the past 2 years.
18 Plaintiff offers no evidence to rebut this claim.

19 Instead, plaintiff disputes that the Bakery's tender fully satisfies his claims so as to
20 render this case moot. He contends that he has not been fully compensated for his claims
21 because (1) he seeks damages for a third year due to the Bakery's "willful" FLSA violations,
22 and (2) he was not reimbursed for a time, key or food handler's card. Response at 10.

**A.**

24 Plaintiff first argues that the amount tendered is insufficient to moot his case because
25 it only covered a 2-year period, and he seeks enhanced damages for 3 years. Generally the
26 statute of limitations for an FLSA violation is 2 years. 29 U.S.C. § 255(a). However, when
27 the alleged FLSA violation is "willful," the statute of limitations extends to 3 years. Id.
28 Plaintiff argues that because he has alleged that the Bakery's FLSA violation was "willful,"

- 4 -

1   see Compl. ¶¶ 31-33, he is entitled to a third year of damages.

2   Willfulness may be found where "the employer either knew or showed reckless
3   disregard for the matter of whether its conduct was prohibited by the statute." McLaughlin
4   v. Richland Shoe Co., 486 U.S. 128, 133, 108 S. Ct. 1677, 1681 (1988). Plaintiff alleges
5   only that the Bakery "willfully" failed to pay wages due to plaintiff and other employees.
6   Compl. ¶¶ 31-33. This conclusory allegation is insufficient to satisfy Rule 8(a)(2), Fed. R.
7   Civ. P., pleading requirements. Under Rule 8, "a complaint must contain sufficient factual
8   matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v.
9   Iqbal, 556 U.S. 662, 677, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly,
10  550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)). Legal conclusions couched as factual
11  allegations are insufficient to demonstrate plausibility.

12  Plaintiff's conclusory allegations of willfulness, without any evidentiary detail, are
13  insufficient to state a plausible claim of "willfulness." Because plaintiff has not adequately
14  pled willfulness, the 2-year statute of limitations applies and plaintiff is eligible for
15  reimbursement going back only 2 years from the date the complaint was filed. The Bakery's
16  uncontradicted evidence demonstrates that plaintiff has been fully reimbursed for deductions
17  made during this period of time.

**B.**

19  Plaintiff next contends that the tender is insufficient to render his claim moot because
20  he was not reimbursed for a time card, key card, or food handler's card. He premises all of
21  his statements regarding deductions other than uniform deductions "[u]pon the best of my
22  recollection." Plaintiff's Decl. ¶ 4 (doc. 30). In other words, he thinks he remembers being
23  charged for new time and key cards when he was hired, but he does not affirmatively state
24  that he was. Likewise, plaintiff does not allege that he ever had to replace a time or key card.
25  The Bakery, on the other hand, submits sworn testimony and documents demonstrating that
26  no deductions for new or replacement time cards or key cards were ever made from
27  plaintiff's pay. Shaw Decl. ¶ 3 (doc. 41); Shirli Borenstein Decl. ¶ 25 (doc. 23). Plaintiff
28  has presented no evidence to dispute this claim.

1    Similarly, plaintiff does not allege that a deduction from his pay was made for a food
2 handler's card from Maricopa County. Rather, he states that he was required to obtain a food
3 handler's card as a condition of his employment, and that in the past, the Bakery had covered
4 this cost for employees. The Bakery's uncontradicted evidence demonstrates that it has
5 never paid for employees' food handler cards. Moreover, plaintiff points to no rule or
6 regulation requiring an employer to cover the cost of such a card. Plaintiff has failed to state
7 a claim under the FLSA regarding time, key, or food handler's cards.

### C. Prejudgment Interest

9    Plaintiff generically argues that this case is not moot because he seeks "interest."
10 Response at 9, 10. Although this is an insufficient response to a motion to dismiss, we note
11 that a plaintiff cannot recover both prejudgment interest and liquidated damages under the
12 FLSA. Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 715, 65 S. Ct. 895, 906 (1945); see also
13 Ford v. Alfaro, 785 F.2d 835, 842 (9th Cir. 1986) (recognizing that it is well established that
14 "in the absence of a liquidated damage award, pre-judgment interest is necessary to fully
15 compensate employees for the losses they have suffered").

### D. Additional Discovery

17    Plaintiff has failed to produce a disputed issue of fact as to whether he has been fully
18 reimbursed for improper wage deductions. Although he has requested an opportunity to
19 conduct additional discovery, he has made no showing that, if given the opportunity,
20 additional discovery would produce evidence supporting the requisite jurisdictional facts.
21 Instead, the Bakery's affidavits and exhibits demonstrate that the controlling questions of
22 fact, particularly those related to deductions from plaintiff's pay, are undisputed. Therefore,
23 plaintiff has made no showing that additional discovery would be worthwhile.

24    While the voluntary cessation of challenged conduct does not ordinarily render a case
25 moot because of the possibility of a resumption of the challenged conduct in the future, Knox
26 v. Serv. Emp. Int'l Union, 132 S. Ct. 2277, 2287 (2012), here, plaintiff is no longer employed
27 by the Bakery, is not eligible for rehire, 2nd Borenstein Decl. ¶ 5 (doc. 43), and is thus
28 unaffected by the Bakery's future conduct.

1   We conclude that plaintiff's FLSA claim is moot because there is no longer a live case 2 or controversy. Therefore, we grant the Bakery's motion to dismiss this claim for lack of 3 subject matter jurisdiction (doc. 22).

### V. Motion to Conditionally Certify Collective Action

Because plaintiff's personal claims are moot, he has no standing to represent a class. A "class representative must be part of the class and possess the same interest and suffer the same injury as the class members." Gen. Tel. Co. of Sw. v. Falcon, 457 U.S. 147, 156, 102 S. Ct. 2364, 2370 (1982) (quotation omitted). Individuals without claims themselves cannot represent a class who may have claims. Id. If "none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class." O'Shea v. Littleton, 414 U.S. 488, 494, 94 S. Ct. 669, 675 (1974). Here, plaintiff may not represent the potential class because his personal claims are moot. Therefore, he has no standing to raise claims on behalf of other potential class members. Plaintiff's motion to conditionally certify collective action is denied (doc. 35).

### VI. Supplemental Jurisdiction/Motion to Certify Question of State Law

Plaintiff has also asserted various state law claims based on Arizona's wage payment statutes. Where a court dismisses a federal claim for lack of subject matter jurisdiction, it has no discretion to exercise supplemental jurisdiction over the state law claims. Herman Family Rev. Trust v. Teddy Bear, 254 F.3d 802, 806 (9th Cir. 2001); 28 U.S.C. § 1367(a) (supplemental jurisdiction may only be invoked after a court has established original jurisdiction). Because we have dismissed the federal claim as moot, we had no original jurisdiction upon which supplemental jurisdiction could attach. Accordingly, the state law claims are also dismissed. Even if jurisdiction existed, having dismissed the federal claim, we would decline to exercise jurisdiction over the state claims under 28 U.S.C. § 1367(c)(3).

Plaintiff also asks us to certify the question of attorney's fees under A.R.S. § 23-364(G) to the Arizona Supreme Court. Because we have dismissed all state law claims, the motion to certify the question is denied as moot (doc. 54).

## VII. Attorney's Fees under the FLSA

Remaining is plaintiff's argument related to attorney's fees under the FLSA. Pursuant to 29 U.S.C. § 216(b), mandatory attorney's fees are awarded once a plaintiff secures a judgment on an FLSA claim. The Bakery argues that because plaintiff's FLSA claim is moot after the tender of payment, there is no judgment and therefore no fees are required. We decline to resolve this issue at this time. Issues related to an award of attorney's fees will be resolved upon the filing of a motion pursuant to LRCiv 54.2.

## VIII. Conclusion

**IT IS ORDERED GRANTING** defendants' motion to dismiss for lack of subject matter jurisdiction (doc. 22).

**IT IS ORDERED DENYING** plaintiff's motion to strike declarations (doc. 51), and **DENYING** plaintiff's motion for leave to file second declaration (doc. 53).

**IT IS ORDERED DENYING** plaintiff's motion to conditionally certify collective action (doc. 35).

**IT IS ORDERED DENYING** plaintiff's motion to certify question of state law to Arizona Supreme Court (doc. 54).

DATED this 28th day of August, 2012.

Frederick J. Martone
United States District Judge