**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Orozco, ) | No. CV 11-02305-PHX-FJM |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Mark S. Borenstein, et al., ) | |
| Defendants. ) | |

We granted the parties' joint request that we decide issues of liability for attorney's fees before requiring the parties to submit argument and evidence on the value of services (doc. 74). We now have before us plaintiff's motion for attorney's fees (doc. 69) and memorandum in support (doc. 75), plaintiff's supplemental brief and motion for summary denial of defendant's motion for attorney's fees (doc. 76), and defendants' opposition to plaintiff's motion for attorney's fees (doc. 79).

**I**

Plaintiff filed this action contending that defendants violated the Fair Labor Standards Act ("FLSA") and Arizona's wage statutes, by deducting certain work-related expenses from hourly employees' paychecks, leaving their net pay below minimum wage. Shortly after the lawsuit was filed, defendants stopped making the challenged deductions and reimbursed plaintiff and 51 other current and former minimum wage employees the uniform laundering

charges that had been deducted, plus an additional equal amount as liquidated damages as prescribed by 29 U.S.C. § 216(b).

On August 29, 2012, we granted defendants' motion to dismiss, concluding that defendants' tender of full payment for all wage deductions plus statutory damages rendered this case moot (doc. 65). We are now presented with a dispute as to whether plaintiff is also entitled to attorney's fees under the FLSA.[1]

## II

An employer who violates the FLSA is liable to the affected employee for unpaid wages, an additional equal amount as liquidated damages, as well as attorney's fees and costs. 29 U.S.C. § 216(b). Here, defendants tendered the full amount of unpaid wages, plus liquidated damages. Plaintiff now contends that he is also entitled to reasonable attorney's fees and costs.

### A

Defendants first contend that because we dismissed this action on grounds of mootness, we no longer have subject matter jurisdiction to decide the issue of attorney's fees. We disagree. "Attorney fees issues are ancillary to the underling action and survive independently under the court's equitable jurisdiction." Carter v. Veterans Admin., 780 F.2d 1479, 1481 (9th Cir. 1986); see also Budinich v. Becton Dickinson & Co., 486 U.S. 196, 199-200, 108 S. Ct. 1717, 1720-21 (1988). We had jurisdiction at the inception of this case. The case was mooted only after defendant tendered payment. Therefore, because the issue of attorney's fees is a collateral matter that does not involve the merits of the case, we continue to have jurisdiction to decide the issue.

### B

The FLSA provides that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the

---

[1] Both parties originally filed motions for attorney's fees. Defendants have now withdrawn their motion (doc. 78).

- 2 -

1  defendant, and costs of the action." 29 U.S.C. § 216(b). Defendant contends that a
2  "judgment" is a necessary predicate to an award of attorney's fees under the FLSA, and
3  because we dismissed the action on grounds of mootness, there was no "judgment" in favor
4  of plaintiff. We think this narrow interpretation of the statute is contrary to the broad
5  remedial purpose of the FLSA to allow plaintiffs to enforce their rights without incurring
6  prohibitive expenses. The Supreme Court has "consistently construed the [FLSA] 'liberally
7  to apply to the furthest reaches consistent with congressional direction.'" Tony & Susan
8  Alama Found. v. Sec. of Labor, 471 U.S. 290, 296, 105 S. Ct. 1953, 1959 (1985) (quoting
9  Mitchell v. Lubin, McGaughy & Assocs., 358 U.S. 207, 211, 79 S. Ct. 260, 264 (1959)).

10  It is not only appropriate to award fees to a successful plaintiff, it is mandatory. 29
11  U.S.C. § 216(b) (the court "*shall* . . . allow a reasonable attorney's fee"); Christiansburg
12  Garment Co. v. EEOC, 434 U.S. 412, 415 n.5, 98 S. Ct. 694, 697 n.5 (1978) (referring to §
13  216(b) of the FLSA as one of the "statutes [that] make[s] fee awards mandatory for
14  prevailing plaintiffs"). This is true even when the action is rendered moot by defendant's
15  tender of full payment. To hold otherwise would allow defendants to avoid paying plaintiff's
16  fees and costs by simply tendering payment at any point before a final judgment is entered.

17  The statute provides that the court shall award a reasonable attorney's fee "in addition
18  to any judgment awarded to the plaintiff." This does not make a "judgment" a necessary
19  precondition to an award of fees, but rather allows a plaintiff to receive not only a judgment
20  for unpaid wages, but also fees and costs incurred in obtaining that recovery.

21  Here, plaintiff filed an action in order to enforce his FLSA rights. Shortly thereafter
22  defendant tendered the unpaid wages plus liquidated damages. We evaluated the sufficiency
23  of that tender by way of defendant's motion to dismiss, see Order at 4-6 (doc. 65), and in
24  doing so attached our judicial imprimatur to the tender. Therefore, we conclude that plaintiff
25  is entitled to reimbursement of reasonable fees associated with the successful tender.[2]

---

[2]We note that the United Food and Commercial Worker's Union ("UFCW") has spearheaded this action, allegedly as part of its latest efforts to organize defendants'

**III**

Plaintiff filed this action on November 22, 2011. On February 1, 2012, defendants issued checks reimbursing plaintiff and 51 other employees for unpaid wages plus liquidated damages. Borenstein Decl. ¶ 21 & ex. B (doc. 23). On March 30, 2012, defendants produced to plaintiff evidence that all hourly employees had been reimbursed for deductions for uniform laundering expenses. Shaw Decl. ¶¶ 6-7 (doc. 41). On April 25, 2012, defendant produced to plaintiff evidence that no expenses other than uniform laundering had ever been deducted from plaintiff's pay. Id. ¶ 10. Nevertheless, plaintiff's lawyers continued to press plaintiff's claims despite clear evidence that plaintiff and the putative class had been fully compensated. Therefore, we conclude that plaintiff is eligible for an award of fees from the filing of the complaint through April 25, 2012 only, plus reasonable fees associated with filing this motion for attorney's fees.

**IT IS ORDERED GRANTING** plaintiff's motion for attorney's fees (doc. 69), the amount of which will be determined after compliance with the briefing schedule below.

**IT IS ORDERED DENYING** plaintiff's motion for summary denial of plaintiff's motion for attorney's fees as moot (doc. 76).

**IT IS FURTHER ORDERED** that plaintiff shall file his supporting memorandum on or before February 28, 2013. Defendant's response shall be due on March 14, 2013, and plaintiff's reply on March 21, 2013.

DATED this 20th day of February, 2013.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge

---

employees. It hired the law firm of Lubin & Enoch, P.C. and agreed to pay all of plaintiff's legal fees. See Defendants' Response, ex B (engagement agreement between Lubin & Enoch and UFCW; and ex. C (letter from Lubin & Enoch to plaintiff ("You [plaintiff Orozco] are not responsible for my legal fees or any costs as those are being paid by UFCW.")). While a lack of any obligation to pay fees might itself be a reason to deny fees, the defendants have not raised this as a defense to plaintiff's motion for attorney's fees.

- 4 -