**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Robert Orozco, | ) | No. CV-11-02305-PHX-FJM |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Mark S. Borenstein, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The court has before it plaintiff's motion for attorney's fees (doc. 69), plaintiff's memorandum in support of its motion for fees (doc. 84), defendants' response (doc. 88), and plaintiff's reply (doc. 98); plaintiff's motion for review of taxation of costs (doc. 87), and defendants' response (doc. 99); defendants' motion for reconsideration (doc. 94); defendants' motion for sanctions (doc. 97), plaintiff's response (doc. 104), defendants' reply (doc. 107); and plaintiff's motion for leave to file excess pages (doc. 106).

**I.**

Before considering the parties' motions for an award of attorney's fees, we agreed to first decide the issue of liability for fees under the FLSA. The parties submitted briefs on the issue of liability, and on February 21, 2013, we held that plaintiff Orozco is entitled to a reimbursement of his attorney's fees under 29 U.S.C. § 216(b). (Doc. 83). We explained that, in order to support the "the broad remedial purpose of the FLSA to allow plaintiffs to

1 enforce their rights without incurring prohibitive expenses," a reimbursement of attorney's
2 fees under the FLSA is mandatory. (Doc. 83 at 3). Therefore, we concluded that "plaintiff
3 is eligible for an award of fees from the filing of the complaint through April 25, 2012 only."
4 Id. at 4.

5 We noted in our Order, however, that the United Food and Commercial Worker's
6 Union ("UFCW") has spearheaded this action from its inception, allegedly as part of its
7 ongoing efforts to organize the Bakery's employees. The UFCW, not Orozco, hired the law
8 firm of Lubin & Enoch, P.C., and the UFCW–not Orozco–agreed to pay all of plaintiff's
9 legal fees. See Engagement Letter (doc. 79, ex. C) ("You [plaintiff Orozco] are not
10 responsible for my legal fees or any costs as those are being paid by UFCW.").

11 We also noted in our Order that Orozco's "lack of any obligation to pay fees might
12 itself be a reason to deny fees." (Doc. 83 at 3 n.2). But we did not further consider how this
13 fact might affect an award of fees because the defendants had not raised the issue in their
14 brief.

## II. Motion for Reconsideration

16 Defendants have now filed a motion for reconsideration (doc. 94), arguing that we
17 erred in concluding that they did not raise the issue of the impact of the UFCW's
18 involvement on an award of fees. Defendants point to a statement in their brief where they
19 asserted that Orozco "is whole – he owes no fees," and a citation, without explanation, to
20 Sinyard v. Comm'r, 268 F.3d 756 (9th Cir. 2001). We disagree that these two vague
21 references are sufficient to present the argument that an award of fees is unwarranted because
22 Orozco incurred no fees. A court cannot be expected to develop an argument for a party.
23 We deny defendants' motion for reconsideration (doc. 94).

## III. Attorney's Fees

### A.

26 Notwithstanding that the argument was not presented in their supplemental brief,
27 defendants have otherwise consistently asserted that this lawsuit was part of the UFCW's
28 ongoing campaign to organize defendants' employees. Defendants have alleged that, after

- 2 -

1 having lost 3 elections to organize the Bakery in 2011, and the day after the final negative
2 vote, the UFCW served this action. Moyer Decl. (doc. 89) ¶ 2. One day after receiving the
3 complaint, the Bakery requested that the parties engage in mediation in order to quickly
4 resolve the dispute. After consulting with the UFCW, and not Orozco, plaintiff's counsel
5 advised that he would not agree to mediate, but would instead agree to an "informal"
6 meeting. Id. ¶ 6. When the meeting was finally held on December 28, 2011, plaintiff's
7 counsel appeared–not with Orozco–but with a UFCW organizer. Id. ¶ 7. At the meeting,
8 plaintiff's counsel acknowledged that Orozco's FLSA claims were "negligible," that the
9 UFCW was paying his fees, and that the goal of the action was to convince the Bakery to
10 assist the UFCW in its effort to represent the Bakery's employees. Id. ¶ 8. To that end,
11 plaintiff's counsel stated that the FLSA claims could likely be settled if the Bakery agreed
12 to a card check and neutrality agreement, but otherwise the action would be litigated through
13 to a court-ordered resolution. Id. The Bakery refused to help the UFCW organize its
14 employees and the litigation continued. At no point in this lawsuit has plaintiff or plaintiff's
15 counsel denied any of these allegations.

16 Defendants contend that unions such as the UFCW either want to become the
17 representative of the targeted employer's employees or ensure that the employer is shut
18 down. They state that the Bakery is currently winding down its operations in part as at result
19 of the fees and costs associated with defending this action. Barton Decl. (doc. 91) ¶ 10.

20 Plaintiff now seeks attorney's fees and costs in the amount of $144,202.09. Enoch
21 4th Decl. ¶ 10. Defendants argue that 29 U.S.C. § 216(b) is intended to make employees
22 whole when asserting their rights under the FLSA and therefore fees should be limited to
23 what an employee is obligated to pay. Because Orozco has incurred no fees or costs in
24 pursuing this action, defendants argue that no fees should be awarded.

**B.**

26 In general, a fee-shifting statute "controls what the losing defendant must pay, not
27 what the prevailing plaintiff must pay his lawyer." Venegas v. Mitchell, 495 U.S. 82, 90, 110
28 S. Ct. 1679, 1684 (1990). The payment of attorney's fees is part of the penalty for violating

- 3 -

1  the substantive statute. See Image Tech. Serv., Inc. v. Eastman Kodak Co., 136 F.3d 1354,
2  1357 (9th Cir. 1998); Perkins v. Standard Oil, 474 F.2d 549, 553 (9th Cir. 1973) ("The
3  imposition of this penalty was not meant to turn in any way on the nature or amount of the
4  plaintiff's fee arrangement, a fortuity wholly unrelated to defendant's illegal conduct.")
5  (quotation omitted). Thus, a fee is not necessarily contingent upon a party's obligation to pay
6  counsel. Ed A. Wilson, Inc. v. GSA, 126 F.3d 1406, 1409 (Fed. Cir. 1997) (awarding fees
7  under the EAJA); see also Virani v. Jerry M. Lewis Truck Parts & Equip.Inc., 89 F.3d 574,
8  581 (9th Cir. 1996) (Thomas, J., concurring) (a fee award may bear no relation to the actual
9  fee paid by the prevailing party to his attorney); Venegas, 495 U.S. at 88, 110 S. Ct. at 1683
10 (holding that "fees may be awarded under § 1988 even to those plaintiffs who . . . were
11 represented free of charge").

12      Instead, "[t]he ultimate question in every inquiry into the fee award is what
13 contribution the defendant should make toward the fees of plaintiff's counsel." Perkins, 474
14 F.2d at 553. Therefore, notwithstanding our concern regarding the motivation behind this
15 lawsuit, we recognize that it was the filing of this action that caused defendants to pay
16 Orozco and members of the putative class unpaid wages. Accordingly, plaintiff is the
17 prevailing party and is entitled to fees.

18      Because we conclude that plaintiff is the prevailing party, IT IS ORDERED
19 GRANTING plaintiff's motion for review of taxation of costs (doc. 87) and concluding that
20 plaintiff is entitled to taxable costs under LRCiv 54.1(e).

21                          **C. Amount of Fees**

22      While an award of attorney's fees under § 216(b) is mandatory, the amount awarded
23 is within the discretion of the court. Houser v. Matson, 447 F.2d 860, 863 (9th Cir. 1971).
24 Plaintiff filed his complaint on November 22, 2011. In February, 2012, three months after
25 this lawsuit was filed, the Bakery reimbursed plaintiff and 51 current and former minimum
26 wage employees for fees deducted from their paychecks in the two years preceding the filing
27 of this action, as well as an additional equal amount as liquidated damages, in full satisfaction
28 of all asserted violations. The Bakery's goal was to resolve the dispute without protracted

1    litigation. Nevertheless, plaintiff continued to press meritless claims despite clear evidence
2    that plaintiff and the putative class had been fully compensated. Therefore, we earlier
3    concluded that plaintiff is eligible for an award of fees from the filing of the complaint
4    through April 25, 2012, plus reasonable fees associated with the filing of the motion for
5    attorney's fees. (Doc. 83 at 4).

6    Plaintiff now seeks attorney's fees and costs totaling $144,202.09 in an action that
7    was essentially resolved within three months of its filing. The amount requested is excessive
8    in light of the circumstances of this case.

9    First, $4,407.50 of fees were incurred prior to filing the complaint on November 22,
10   2011. Plaintiff's counsel acknowledges that he did not meet with Orozco until November
11   4, 2011, and only then when counsel and the UFCW were shopping for a named plaintiff.
12   Meetings and correspondence with the UFCW in search of a named plaintiff are not
13   compensable.

14   Second, plaintiff's counsel has billed $200 an hour for paralegal work. This rate is
15   unreasonably excessive compared to local rates, which average $120 an hour in the Phoenix
16   area. Similarly, attorney Enoch's billing rate of $400 an hour is excessive in comparison to
17   an average hourly rate of $300 in the Phoenix market.

18   Third, there are multiple instances where a task is marked "no charge" when in fact
19   a charge is made. See, for example, entries at 5/11/12, 5/23/12, and 5/29/12.

20   Fourth, defendants correctly identify numerous instances of counsel's improper block
21   billing. An example of the many instances include entries at 12/26/11, 3/20/12, 3/29/12,
22   4/17/12 and 4/20/12. Although we do not entirely eliminate the amounts claimed, the
23   compensable amount will be reduced because the inadequate documentation makes it
24   difficult, if not impossible, to determine the reasonableness of the fees claimed.

25   Fifth, plaintiff's counsel includes fees for amounts after April 25, 2012 that are not
26   related to attorney's fees, such as fees attributable to plaintiff's motion to certify a question
27   of state law.

28   Sixth, and most importantly, almost two-thirds ($86,000) of the total fees billed

($136,000) is attributed to plaintiff's motion for attorney's fees. The expenditure of twice the hours in the pursuit of attorney's fees as that sought for work on the substantive claim is not reasonable, and therefore not fully compensable.

We also reduce plaintiff's claimed nontaxable expenses of $8,200, which is largely made up of excessive and/or improper charges for computerized legal research.

Pursuant to the foregoing, IT IS ORDERED awarding plaintiff $35,000 in attorney's fees and $3,000 in nontaxable costs. Plaintiff does not respond to defendants' argument that any award should be assessed against the Bakery only and not the individual defendants. Plaintiff makes no argument that the individual defendants are "employers" for purposes of the FLSA. Therefore, IT IS FURTHER ORDERED assessing the fee award against the Bakery only.

## IV. Sanctions

Under 28 U.S.C. § 1927, "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." The power to award fees under § 1927 exists along with the court's inherent power to award fees under equity whenever justice requires. United States v. Blodgett, 709 F.2d 608, 610 (9th Cir. 1983). We have already stated that since April 25, 2012, "plaintiff's lawyers continued to press plaintiff's claims despite clear evidence that plaintiff and the putative class had been fully compensated." (Doc. 83 at 4).[1] Therefore, we limited any fee award to Orozco to the time frame between November 22, 2011, when the Complaint was filed, and April 25, 2012, when plaintiff's counsel should have known that all claims were fully resolved. Defendants now ask us to impose sanctions against plaintiff's counsel and his law firm for protracting this litigation.

There is clear evidence in this case that plaintiff's counsel, working with the UFCW,

---

[1] We note that plaintiff's counsel expended more than 160 hours on meritless claims and filings.

- 6 -

1 used this case to unionize rather than to defend employee's FLSA rights, and in the process
2 unreasonably and vexatiously protracted this litigation. Defendants have requested sanctions
3 in the amount of $33,238–the attorney's fees they have incurred since April 25, 2012. We
4 agree that reimbursing defendants for the unwarranted attorney's fees is a reasonable
5 sanction. Therefore, IT IS ORDERED GRANTING defendants' motion for sanctions and
6 assessing sanctions against plaintiff's counsel and his law firm in the amount of $33,238.

## V.

**IT IS ORDERED DENYING** defendants' motion for reconsideration (doc. 94).

**IT IS ORDERED GRANTING** plaintiff's motion for leave to file excess pages (doc. 106).

**IT IS ORDERED GRANTING** plaintiff's motion for review of taxation of costs (doc. 87), and directing the clerk to tax costs in favor of plaintiff under LRCiv 54.1(d).

**IT IS ORDERED GRANTING IN PART AND DENYING IN PART** plaintiff's motion for an award of attorney's fees (doc. 69). Plaintiff is awarded $35,000 in attorney's fees, and $3,000 in nontaxable costs.

**IT IS ORDERED GRANTING** defendants' motion for sanctions (doc. 97), and assessing sanctions against plaintiff's counsel and his law firm in the amount of $33,238.

DATED this 28th day of August, 2013.

*Frederick J. Martone*
Frederick J. Martone
Senior United States District Judge